IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-340 (MTT) |
| | ) |
| PNC BANK NATIOINAL ASSOCIATION, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant PNC Bank National Association, Inc. removed this action to this Court based on both federal question and diversity jurisdiction. Doc. 1. Originally, pro se Plaintiff Jonathan Thomas alleged a Fair Credit Reporting Act claim against the defendant and sought $316,000 in damages. Doc. 1-2 at 4-16. Seven days after the defendant removed the case, Thomas objected to the removal. Doc. 4. Thomas argued that at the time of removal, he was drafting an amended complaint that would drop the FCRA claim and would seek less than $75,000 in damages. *Id*. at 4. Therefore, according to Thomas, federal jurisdiction was inappropriate. The Court allowed Thomas to file an amended complaint, which alleges no federal claims. Doc. 9. Moreover, Thomas's amended complaint seeks less than $75,000 in damages. *Id*. at 15; Doc. 4 at 4. Accordingly, federal jurisdiction is not established based on Thomas's amended complaint.

The defendants argue that federal question and diversity jurisdiction are still established because Thomas's post-removal amendment cannot deprive the Court of jurisdiction, which is determined at the time of removal. Doc. 10 at 7, 10. But Thomas, who is proceeding pro se, states that he was in the process of amending his complaint to drop his federal claim and reduce the amount in controversy when the defendant removed it. Doc. 4 at 2. Holding a pro se plaintiff's superseded allegations against him and requiring him to litigate his claims in a forum against his will, especially when he has made material changes to the complaint that remove the original bases for federal jurisdiction, would promote form over substance. "The plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004).

Accordingly, the plaintiff's motion to remand (Doc. 4) is **GRANTED** because the Court lacks subject matter jurisdiction over this case. 28 U.S.C. § 1447(c); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007). This action is **REMANDED** to the Superior Court of Houston County for the resolution of Thomas's claims.

**SO ORDERED**, this 14th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT